UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT COLEMAN, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:14-cv-648-TWP-DKL |
| | ) |
| SUPERINTENDENT, Plainfield Correctional Facility,[1] | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Robert Coleman for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 13-11-0243. For the reasons explained in this Entry, Coleman's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v.*

---

[1] The petitioner's custodian, the Superintendent of the Plainfield Correctional Facility, is **substituted** as the sole proper respondent in this action.

*McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On November 22, 2013, Correctional Officer Karallus wrote a Report of Conduct in case IYC 13-11-0243 charging Coleman with Class A offense #106, Possession of Dangerous/Deadly Contraband/Property. The Conduct Report states:

> On 11-22-13 at approximately 12:45 p.m. I ofc Karallus was conducting a shakedown of Room 32. Upon shaking down the upper bunk [of] offender Coleman, Robert #179553, I found a tooth brush sharpened to a very sharp point in his upper left hand bed drawer.

The altered tooth brush was confiscated and a picture was taken. On January 27, 2014, Coleman was notified of the charge of offense #106 and served with the conduct report and the notice of disciplinary hearing screening report. Coleman was notified of his rights and pled not guilty. Coleman requested a witness statement from offender Tyler Gigure, but did not request any physical evidence. A witness statement was taken from offender Gigure, which indicated that Gigure did not know what happened with respect to this disciplinary incident.

On February 10, 2014, a hearing was held and the hearing officer found Coleman guilty of offense #106. In making the determination of guilt, the hearing officer considered staff reports, Coleman's statement, evidence from witnesses, and the picture of the altered property as well as the confiscation slip. Based on the hearing officer's recommendation the following sanctions were imposed: one-hundred eighty (180) days of disciplinary segregation, a one-hundred (180) day deprivation of earned credit time, and a demotion from credit class 2 to credit class 3. The hearing officer recommended the sanctions because of the seriousness and nature of the offense, Coleman's attitude during the hearing, the degree to which the violation disrupted and endangered

the security of the facility, and the likelihood that the sanctions would have a corrective effect on Coleman's future behavior.

On February 17, 2014, Coleman appealed to the Facility Head. The Facility Head modified the guilty finding from Class A offense, #106, to a Class B offense #228, Possession of Altered Property. The sanctions were modified, reducing the deprivation of earned credit time from one-hundred eighty (180) days to ninety (90) days, and suspending the credit class demotion. Coleman's appeal to the Appeal Review Officer was denied on March 26, 2014

**C. Analysis**

Coleman argues that he is entitled to relief because 1) he was not provided with evidence 24 hours prior to his hearing as required by Department of Correction policy; 2) his cellmate should also have been written up when the weapon was found; and 3) the hearing officer gave him a rehearing because he was provided a "false lay advocate."  None of these arguments entitle Coleman to habeas relief.

First, the violations of administrative policy are not proper claims in a federal habeas action. Violations of state law or administrative procedure do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas relief only available for violations of U.S. Constitution or other federal laws). In addition, there is no indication that Coleman requested evidence which was not provided.

Second, due process is not violated when another inmate is not charged with an offense. At issue in this case is whether there is some evidence to support the disciplinary hearing officer's decision, not whether Coleman's cellmate should have been disciplined for the altered toothbrush found in Coleman's bed drawer.

Thus, it is noted that the evidence was sufficient to find Coleman guilty of possession of altered property. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content of the conduct report, evidence from witnesses and the picture of the altered property as well as the confiscation slip that Coleman was in possession of altered property. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board=s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

Finally, Coleman states that the "DHO gave me a rehearing after they provided me a false lay advocate" and that the "DHO violated due process rights and reheard after they did." Dkt. 1 at p. 3. Neither the respondent nor the Court is able to understand this claim. At most it appears that Coleman believes there was a due process violation and that it was corrected with a new hearing. No relief is warranted on this basis.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Coleman to the relief he seeks. Accordingly, Coleman's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/23/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT COLEMAN
DOC # 179553
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

All Electronically Registered Counsel